Danny Soong, SBN# 192045
LAW OFFICE OF DANNY C. SOONG
100 N. Barranca Ave., Suite 700
West Covina, CA. 91791
(626) 858-2068

Attorney for Plaintiff
ANGEL BARRAGAN

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGEL BARRAGAN,<br><br>            Plaintiff,<br><br>v.<br><br>DEPARTMENT OF CALIFORNIA HIGHWAY PATROL. SEAN DURYEE, J.M. LOFTIN, and DOES 1 through 100,<br><br>            Defendants | CASE NO.:<br><br>**COMPLAINT**<br><br>1. VIOLATION OF CIVIL RIGHTS 42 U.S.C. § 1983 (Fourteenth Amendment)<br>2. VIOLATION OF CIVIL RIGHTS 42 U.S.C. § 1983 (Fourth Amendment)<br>3. VIOLATION OF CIVIL RIGHTS 42 U.S.C. §§ 1983, 1988 (Conspiracy)<br>4. VIOLATION OF CIVIL RIGHTS 42 U.S.C. § 1983 (Municipal Liability---*Monell*)<br>5. VIOLATION OF CIVIL RIGHTS 42 U.S.C. § 1983 (Failure to Train and Supervise—*Canton*)<br><br>SUPPLEMENTAL STATE CLAIMS<br>6. Dog Bite Pursuant to California Civil Code § 3342<br>7. Intentional Infliction of Emotional Distress<br>8. Assault<br>9. Battery<br>10. California Civil Code § 52.1 |

COMES NOW Plaintiff ANGEL BARRAGAN alleges as follow:

This is a complaint for damages based upon federal civil rights and state constitutional violations committed by the Defendant Department of California Highway Patrol and its respective officials, uniformed peace officers, employees, and/or agents. This case is brought pursuant to 42 U.S.C. §§ 1983, 1988 and

1

California state law.  Federal jurisdiction is based upon 28 U.S.C. § 1331, 1343 (a)(1-4).  This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a).

## JURISDICTION

1. Plaintiff brings this case pursuant to §§ 1983, 1988 and California state law. Jurisdiction is based upon 28 U.S.C. 42 U.S.C. § 1331, 1343 (a)(1-4). Supplemental jurisdiction exits over the state claims and Defendants pursuant to 28 U.S.C. § 1367.

## VENUE

2. The claims alleged herein arose from events or omissions that occurred in Downey-Norwalk, in the County of Los Angeles. Therefore, venue lies in the Central District of California pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

*Plaintiff*

3. Plaintiff ANGEL BARRAGAN ("Plaintiff") was a resident and private citizen of the State of California at all times material to this Complaint.

*Defendants*

4. Plaintiff is informed, believes, and thereupon alleges that Defendant DEPARTMENT OF CALIFORNIA HIGHWAY PATROL ("Defendant CHP") is a duly constituted governmental entity in the State of California, and is, or was, the employer of all individually named Defendants,

including, but not limited to, those who are sued in their individual and official capacities, as well as one, or all, of Defendants DOES 1 through 100.

5. Plaintiff is informed, believes, and thereupon alleges that Defendant SEAN DURYEE ("Defendant Duryee") was at all times material herein a policy maker and/or supervisor and acting under color of law within the course and scope of his employment and office as the Commissioner of Defendant CHP. He is being sued individually and in his official capacity.

6. Plaintiff is informed, believes, and thereupon alleges that Defendant J.M. LOFTIN "Defendant Loftin") was at all times material herein acting under color of law within the course and scope of his employment and office as a Captain and Commander of the Southern Division Special Services of Defendant CHP. He is being sued individually and in his official capacity.

7. The identities, capacities, and/or nature of involvement of Defendant DOES 1 through 100, ("Doe Defendants") are presently unknown to Plaintiff. Plaintiff therefore sue such person using "Does" as fictitiously-named Defendants. Plaintiff is informed, believes and thereupon alleges that there is likely to be evidentiary support to prove that each Doe Defendant was involved in the same manner and legally responsible for the acts, omissions, and/or breaches of duty alleged below. Plaintiff will amend the Complaint to name the Doe Defendants upon learning their true identities and roles in the actions complained of herein.

8. Plaintiff is informed, believes, and thereupon alleges that Defendant Deputies Does 1 through 5, were at all times herein acting under color of law within the course and scope of their employment and officer as a law enforcement officer of the Defendant CHP. Each is being sued individually and in their official capacities.

9. All of the facts, acts, omissions, events and circumstances herein mentioned and described occurred in the County of Los Angeles, State of California, and the corporate and/or entity Defendants, and each of them, are residents of the County of Los Angeles, State of California, and/or have their principal place of business in said County and State, and/or are doing business in said County and State.

10. Plaintiff is informed, believes, and thereupon alleges that all Defendants employed by Defendant CHP were, at all times relevant and material to this Complaint, acting within the course and scope of their employment duties for Defendant CHP, and under color of law. Plaintiff is informed, believes, and thereupon alleges that each of the individual Defendants' acts were known to, discovery by, approved by, and/or ratified by Defendant CHP, by and through their policy makers, decision makers, commissioner, officials, officers, and/or supervisor, including Defendant Duryee, and applicable Doe defendants.

11. Plaintiff is informed, believes, and thereupon alleges that all Defendants employed by Doe Defendants were, at all times relevant and material to this Complaint, acting within the course and scope of their employment duties for Doe Defendants, under color of law. Plaintiff is informed, believes, and thereupon alleges that each of the individual Defendants' acts were known to, discovery by, approved by, and/or ratified by Doe Defendants, by and through their policy makers, decision makers, commissioner, officials, officers, and/or supervisor, including applicable Doe defendants.

12. Plaintiff is informed, believes, and thereupon alleges that commissioners, officials, supervisors, policy makers, and other individuals with the authority to set or modify municipal and/or department policy, *de jure* or *de facto*, of Defendant CHP and/or Doe Defendants, participated in, approved of,

ratified, and/or failed to prevents the acts by all Defendants and Doe Defendants of which Plaintiff complains herein.

13. Plaintiff is informed, believes, and thereupon alleges that at all times herein mentioned, each of the Defendants---including commissioners, officials, supervisors, watch commanders, and other policy makers from Defendant CHP and/or Doe defendants and their agents---was the agent, employee, or co-conspirator of one other, some, or all of their Co-Defendants. Plaintiff is informed, believes, and thereupon alleges that each of the Defendants, acting individually, and/or in concert with each other, engaged in a common plan to wrongfully deprive Plaintiff of his respective rights to privacy, security in person and effects, freedom from excessive force, freedom from unreasonable searches and seizures, and due process of law, among other described herein. Each and all of the things done by each Defendant against Plaintiff, as mentioned in this entire Complaint, were done, partially, if not entirely, to thwart Plaintiff's right to privacy. In doing each and all of the things herein mentioned, or neglecting or intentionally failing to rectify said misconduct, each and all Defendants were acting pursuant to a *de facto* policy and within the scope of such agency, employment, and conspiracy and with full permission, knowledge, approval, ratification, and support of each other.

**FACTS COMMON TO ALL CLAIMS FOR RELIEF**

14. On the night of December 13, 2022, Defendant Deputies Does 1 through 5 employed by Defendant CHP were in hot pursuit of armed robbery suspects on the 710 Freeway in their CHP vehicles which moved onto the 10 freeway and through the cities of Pico Rivero to Downey-Norwalk.

15. Plaintiff, an innocent bystander, and unbeknownst to him that the Defendant Deputies Does 1 through 5 had been in hot pursuit of the armed robbery suspects, walked out of a liquor store at or near Imperial Highway and Downey Ave., in Downey-Norwalk, California.
16. In the meanwhile, the unknown robbery suspect/driver and his passengers suddenly parked, exited their vehicle and apparently ran into a liquor store to hide from the Deputies.
17. Plaintiff had walked several buildings and was standing several hundred feet away from the entrance of the liquor store where the robbery suspects ran into the liquor store to escape from the CHP Deputies.
18. One of the Deputies for Defendant CHP approached Plaintiff and mistook him for the unknown suspect/driver or passengers they had been chasing in their CHP vehicle. Without reasonable suspicion, probable cause or other bases in law, the Deputy released the K-9 dog onto Plaintiff which proceeded to violently bite and attack him on his upper and lower torso in particularly his right arm.
19. While handling Mr. Barragan during his detention, the Deputy used excessive force by tasing and painfully contorted and applied pressure to his arms, shoulders, neck and back, causing those areas to suffer bodily injuries.

## DAMAGES

20. Each of the aforementioned acts by each Defendant directly and proximately caused Plaintiff to suffer the following: violation of civil rights, loss of privacy, loss of enjoyment of privacy, loss of personal liberty and freedom to physically move about, loss of enjoyment of personal liberty and

freedom to physically move about, humiliation, emotional and physical injury, pain and suffering, and great and mental anguish.

21. As a result of the dog bite, Plaintiff sustained two large open wounds which required multiple stitches to both wounds.   His entire right arm down to the hand was swollen and bruised with deep cuts and scratches from the K-9 bite and attack.  His left elbow also sustained a cut from this incident.   He sustained various cuts and scrapes to both his right and left hand.  His left chest had a long scratch.  He also sustained chest pain and trauma due to the cops and dog jumping atop of him.

22. Plaintiff endures, and continues to endure, substantial pain ands suffering due to each and every act and omission of all Defendants, and each of them.

## FILING OF TORT CLAIM FORM

23. Plaintiff timely submitted a timely Tort Claim Form on or about June 7, 2023, against Defendant CHP.   No document was received in response to the Tort Claim Form.  Hence, the Claim Form was deemed rejected by operation of law after forty-five (45) days on or about July 23, 2023.

## FIRST CLAIM FOR RELIEF
## VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983)
### Fourteenth Amendment (Violation of Substantive Due Process)
### By Plaintiff Against Defendant Deputies DOES 1 through 5

24. Plaintiff incorporates all paragraphs, as though fully set forth herein.

25. This cause of action arises under 42 U.S.C. § 1983, where Plaintiff seeks to redress a deprivation under color of law of a right, privilege, or immunity secured to him by the Fourteenth Amendment to the United States Constitution.

26. The Fourteenth Amendment guarantees Plaintiff substantive due process of law.

27. The complained acts of Defendants were shocking to the conscience, beyond the bounds of acts tolerable in a civilized society, and so egregious and outrageous that they may fairly be said to shock the contemporary conscience.

28. The acts of Defendants were malicious, fraudulent, deliberate, and in contemplation of intimidating and harassing Plaintiff. The Deputies acted with malice and oppression. Plaintiff was bitten by the K-9, detained, battered, arrested, by the government agents, under the guise of their sworn duty as officers of the law.

## SECOND CLAIM FOR RELIEF
### VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983)
### Fourth Amendment (Unlawful Seizure/Search/Excessive Force)
### By Plaintiff Against Defendant Deputies DOES 1 through 5

29. Plaintiff incorporates all paragraphs, as though fully set forth herein.

30. This cause of action arises under 42 U.S.C. § 1983, where Plaintiff seeks to redress a deprivation under color of law of a right, privilege, or immunity secured to him by the Fourth Amendment to the United States Constitution.

31. The Fourth Amendment protects Plaintiff from an unreasonable search and seizure, including the use of excessive force.

### *Unlawful Seizure*

32. The unlawful seizure, detention and prolonged detention of Plaintiff by the Defendants were without lawful basis, reasonable suspicion, probably cause, or warrant, or any recognized exceptions thereto, or justification or excuse, and were thus unreasonable and in violation of Plaintiff's Fourth Amendment rights.

### *Unlawful Searches*

33. The unlawful searches of Plaintiff, upon his near arrest, and separately upon being detained, were without lawful basis, reasonable suspicion, probable cause, or warrant, or any recognized exceptions thereto, or justification or excuse, and were thus unreasonable and in violation of Plaintiff's Fourth Amendment rights.

### *Excessive Force*

34. The unlawful, unwanted, and harmful biting and touching of Plaintiff by the K-9 and the Defendants, respectively, constituted batteries and excessive force, was without lawful basis, reasonable suspicion, probable cause, or warrant, or any recognized exceptions thereto, or justification or excuse, and was thus unreasonable and in violation of Plaintiff's Fourth Amendment rights.

35. The unlawful, unwanted, painful and harmful handcuffing and handling of Plaintiff by Defendants, also constituted a battery and excessive force, was without lawful basis, reasonable suspicion, probable cause, or warrant, or any recognized exceptions thereto, or justification or excuse, and were thus unreasonable and in violation of Plaintiff's Fourth Amendment rights.

### THIRD CLAIM FOR RELIEF
### VIOLATION OF CIVIL RIGHTS (42 U.S.C. §§ 1983, 1988)
### Conspiracy to Violate Civil Rights
### By Plaintiff Against Doe Defendant Deputies DOES 1 through 5

36. Plaintiff incorporates all paragraphs, at though fully set forth herein.
37. This cause of action arises under 42 U.S.C. §§ 1983 and 1988, wherein Plaintiff seeks to redress a deprivation under color of law of a right, privilege, or immunity secured to him by the Fourth and Fourteenth Amendments to the United States Constitution.
38. Defendants and each of them, acted as described herein above, in conspiracy with, and with the agreement, permission, ratification, and approval of, each other to violate Plaintiff's civil rights afforded under the United States Constitution.
39. Among other things, the Deputies acted in conspiracy and with agreement, permission, ratification, and approval of their joint conduct to (1) unlawfully detain Plaintiff without probable cause or reasonable suspicion; (2) unlawfully conduct a prolonged detention of Plaintiff without probable cause or reasonable suspicion; (3) unlawfully search Plaintiff without probable

cause or reasonable suspicion; (4) jointly act to use excessive force during the detention of Plaintiff; (5) collaborate to fabricate and advance false police reports regarding the detention of Plaintiff.

## **FOURTH CLAIM FOR RELIEF**
## **VIOLATION OF CIVIL RIGHTS (42 U.S.C. §§ 1983)**
## **Unconstitutional Policy, Custom, or Procedure (Monell)**
## **By Plaintiff Against Defendant CHP**

40. Plaintiff incorporates all paragraphs, at though fully set forth herein.
41. This cause of action arises under 42 U.S.C. §§ 1983 and 1988, wherein Plaintiff seeks to redress a deprivation under color of law of a right, privilege, or immunity secured to him by the Fourth and Fourteenth Amendment to the United States Constitution.
42. Defendant CHP violated Plaintiff's constitutional rights, as alleged *supra*, by creating and maintaining the following unconstitutional customs and practices, *inter alia:*
    (i)  Plaintiff alleges that Defendant CHP has a *de facto* policy, custom, and/or practice of harassing, intimidating, and threatening to arrest and arresting person who exercise their Fourteenth Amendment substantive right of freedom of privacy;
    (ii) Plaintiff alleges that Defendant CHP has a *de facto* policy, custom, or practice of inadequately investigating their CHP officer employees upon complaints of misconduct or Claims for Damages involving police misconduct;

(iii) Plaintiff alleges that Defendant CHP has a *de facto* policy, custom, or practice of failing to discipline, failing to investigate, and of retaining personnel who falsely detain persons in violation of constitutional rights;

(iv) Plaintiff alleges that Defendant CHP has a *de facto* policy, custom or practice of condoning, ratifying, failing to discipline, failing to investigate, and of retaining, personnel who use excessive force and/or unjustified force upon persons with whom they come into contact in violation of constitutional rights.

43. Defendant CHP's policies or customs cause and were the moving force and/or affirmative link behind some or all of the violations of Plaintiff's constitutional rights at issue in this case.

44. Plaintiff is informed, believes, and thereupon alleges that these policies, practices, customs, and procedures are intentional and/or the result of deliberate indifference on the part of Defendant CHP, by and through its decision makers.

45. The aforementioned unconstitutional customs and practice were a direct and legal cause of harm to Plaintiff.

46. Plaintiff specifically alleges that Defendant CHP's policy, custom, and/or practices, as described herein, were within the control of Defendant CHP and within the feasibility of Defendant CHP to alter, adjust, and/or correct so as to prevent some or all of the unlawful acts and injury complained of herein by Plaintiff.

\\\

\\\

# FIFTH CLAIM FOR RELIEF

## VIOLATION OF CIVIL RIGHTS (42 U.S.C. §§ 1983)

### Failure to Train, Supervise, Discipline or Correct

### By Plaintiff Against Defendant CHP, Defendant Duryee and Defendant Loftin

47. Plaintiff incorporates all paragraphs, at though fully set forth herein.

48. This cause of action arises under 42 U.S.C. §§ 1983, wherein Plaintiff seeks to redress a deprivation under color of law of a right, privilege, or immunity secured to him by the Fourth and Fourteenth Amendment to the United States Constitution.

49. Defendant CHP, Defendant Duryee and Defendant Loftin violated Plaintiff's constitutional rights, as alleged *supra*, by creating and maintaining the following unconstitutional custom and practices, *inter alia*:

   (i) Plaintiff is informed, believes, and thereupon alleges that Defendant CHP, Defendant Duryee and Defendant Loftin, have ample reason to know, based upon arrest reports, claims for damages, *inter alia*, that CHP officers and/or employees regularly engage in the misdeeds set forth in this entire Complaint;

   (ii) Plaintiff is informed, believes, and thereupon alleges that Defendant CHP, Defendant Duryee and Defendant Loftin have failed to properly train, supervise, and/or discipline employees, officers, managers, and supervisors of Defendant CHP as to the legal requirements and protections applicable to persons as set forth in the United States and California Constitution, and other laws; and

    (iii)    Plaintiff alleges that these failures amount to a *de facto* policy and are intentional and/or the result of deliberate indifference on the part of Defendant CHP, Defendant Duryee and Defendant Loftin, by and through its decision makers. These include, but are not limited to, Defendant Duryee and his subordinates as necessary to further these improper policies, practices, customs, and procedures.

50. The foregoing unconstitutional customs and practices were a direct and legal cause of harm to Plaintiff.

51. Defendant Duryee and Defendant Loftin acted in supervisory capacities with respect to the incident involving Plaintiff. In those capacities, Defendant Duryee and Defendant Loftin acted intentionally, maliciously, in conscious disregard, and/or with deliberate indifference to the rights of Plaintiff. Plaintiff is informed, believes, and thereupon alleges that Defendant Duryee and Defendant Loftin acted in this manner, at least in part, to avoid liability and financial exposure for Defendant CHP and to maintain their reputations and the reputation of Defendant CHP.

52. These supervisory failures of Defendant Duryee and Defendant Loftin directly caused and contributed to Plaintiff's damages.

53. Plaintiff specifically alleges that Defendant CHP, Defendant Duryee and Defendant Loftin's policy, custom and practice, as described *supra*, was within each of their control, and within the feasibility of each of them, to alter, adjust, and/or correct so as to prevent some or all of the unlawful acts and injury complained of herein by Plaintiff.

\\\
\\\

## SIXTH CLAIM FOR RELIEF

{Dog Bite Pursuant to California Civil Code § 3342}

By Plaintiff Against Defendants CHP, and

Defendant Deputies DOES 1 through 5

54. Plaintiff incorporates all paragraphs, as though fully set forth herein.

55. This claim arises under California Civil Code § 3342, which is commonly known as the dog bite statute.

56. Plaintiff has complied with the California Tort Claims Act.

57. Defendants CHP, and Defendant Deputies Does 1 through 5, owned the K-9 which bit and attacked Plaintiff.

58. At the time of the dog bite incident, Plaintiff was on a public street and had a lawful right to be there.

59. Defendants CHP, and Defendant Deputies Does 1 through 5, are strictly liable for the K-9's bite and attack on Plaintiff.

## SEVENTH CLAIM FOR RELIEF

INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

By Plaintiff Against Defendants CHP, and

Defendant Deputies DOES 1 through 5

60. Plaintiff incorporates all paragraphs, as though fully set forth herein.

61. This claim arises under California Government Code § 815.2 and the general laws of the State of California.

62. California Government Code § 815.2 provides that "[a] public entity is liable for injury proximately cause by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would…have given rise to a cause of action against that employee or his personal representative."

63. Plaintiff has complied with the California Tort Claims Act.

64. As a proximate cause of Defendants' extreme and outrageous conduct, deliberate indifference, shocking and oppressive acts and/omissions as alleged throughout this entire complaint, Defendants caused Plaintiff to suffer severe emotional distress, thereby harming Plaintiff.

65. Defendant CHP is liable to Plaintiff for the acts of its public employees, the Defendant Deputies Does 1 through 5 herein for conduct and/or omissions herein alleged, pursuant to the doctrine of Respondeat Superior, codified at Government Code § 815.2.

## EIGHTH CLAIM FOR RELIEF

{Assault}

By Plaintiff Against Defendants CHP, and

Defendant Deputies DOES 1 through 5

66. Plaintiff incorporates all paragraphs, as though fully set forth herein.

67. This claim arises under California Government Code § 815.2 and the general laws of the State of California.      `

68. Plaintiff has complied with the California Tort Claims Act.

69. On December 13, 2002, Defendant Deputies Does 1 through 5 acted with the intent to cause harmful or offensive contact of Plaintiff.

70. Plaintiff alleges that he contemplated and feared harmful and unwanted touching by Defendant Deputies 1 through 5, who each had the present ability to do so.

71. Plaintiff further alleges that he did not consent to the conduct of Doe Defendant Deputies Does 1 through 5.

72. As a proximate result of Defendants' acts and/omissions as alleged throughout this entire complaint, Defendant assaulted Plaintiff.

73. Defendant CHP is liable to Plaintiff for the acts of its public employees, the Defendant Deputies Does 1 through 5 herein for conduct and/or omissions herein alleged, pursuant to the doctrine of Respondeat Superior, codified at Government Code § 815.2.

## NINTH CLAIM FOR RELIEF

### {Battery}

### By Plaintiff Against Defendants CHP, and Defendant Deputies DOES 1 through 5

74. Plaintiff incorporates all paragraphs, as though fully set forth herein.

75. This claim arises under California Government Code § 815.2 and the general laws of the State of California.

76. Plaintiff has complied with the California Tort Claims Act.

77. On December 13, 2022, Defendant Deputies Does 1 through 5 acted with the intent to cause harmful or offensive contact of Plaintiff.

78. Plaintiff was touched by Doe Defendant Deputies Does 1 through 5 in a harmful and unwanted manner.
79. Plaintiff further alleges that he did not consent to the conduct of Defendant Deputies. Does 1 through 5
80. As a proximate result of Defendants' acts and/omissions as alleged throughout this entire complaint, Defendant battered Plaintiff.
81. Defendant CHP is liable to Plaintiff for the acts of its public employees, the Doe Defendant Deputies herein for conduct and/or omissions herein alleged, pursuant to the doctrine of Respondeat Superior, codified at Government Code § 815.2.

## TENTH CLAIM FOR RELIEF
## VIOLATION OF CALIFORNIA CIVIL CODE § 52.1
### By Plaintiff Against Defendants CHP, and
### Defendant Deputies DOES 1 through 5

82. Plaintiff incorporates all paragraphs, as though fully set forth herein.
83. Defendants violated Plaintiff's clearly established rights under the United States and California Constitutions, as well as state and federal law, which include, but are not limited to, the following:
    (i)   Fourteenth Amendment to the United States Constitution (violated by the Doe Defendant Deputies)
    (ii)  Fourth Amendment to the United Sates Constitution (violated by the Doe Defendant Deputies)
    (iii) California Constitution, Article 1:

> § 1 - Right to Happiness & Privacy (violated by Doe Defendant Deputies);
>
> § 7 – Right to Due Process (violated by Doe Defendant Deputies); and
>
> § 13 – Right to Protection against Unreasonable Searches and Seizures (violated by Doe Defendant Deputies)

84. Defendants violated Plaintiff's clearly established rights under United State and California law by threats, intimidation and/or coercion. Further, each act and/or violation of rights done by each Defendant to Plaintiff was done by way of threats, intimidation, and/or coercion beyond that inherent in each act and/or violation of rights itself.

85. Defendant CHP is liable to Plaintiff for the acts of its public employees, the Doe Defendant Deputies herein for conduct and/or omissions herein alleged, pursuant to the doctrine of Respondeat Superior, codified at Government Code § 815.2.

## NATURE OF ALL DEFENDANTS' ACTIONS

86. Defendants acted maliciously and oppressively in violating Plaintiff's clearly established rights under United States and California law by threats, intimidation, and/or coercion.

87. As a result of Defendants' unlawful conduct as alleged herein, Plaintiff has suffered, and will continue to suffer, the above stated damages in an amount according to proof, including attorney fees and costs, to remedy the unlawful conduct.

## PRAYER FOR RELIEF

88. **WHEREFORE,** Plaintiff prays for the following relief from Defendants, and each of them, for each of the above causes of action:

(i) For compensatory damages, including general and special damages, according to proof;

(ii) For punitive damages pursuant to 42 U.S.C. § 1983 and California Civil Code §§ 3294 and 52.1(b), and any other applicable laws or statutes, in an amount sufficient to deter and make an example o f each non-governmental entity Defendants;

(iii) For statutory damages according to proof;

(iv) For prejudgment interest according to proof;

(v) For reasonable attorney's fees pursuant to pursuant to 42 U.S.C. §§ 1983, 1988; California Civil Code §§ 52.1, 52(b)(3); California Code of Civil Procedure § 1025.1; and any other applicable provisions;

(vi) For costs of suit; and

(vii) For such other and further relief as to this Court shall deem just and proper.

Dated:  January 10, 2024_____LAW OFFICES OF DANNY SOONG

By:   /S/
_____
Danny Soong, Esq.
Attorney for Plaintiff,
ANGEL BARRAGAN